DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Sandra Arnold, appeals the decision of the Wayne County Municipal Court, which found her guilty of drug abuse and possession of drug paraphernalia. This Court affirms.
 I. {¶ 2} On July 5, 2002, appellant was a passenger in her car that was being driven by a friend. The vehicle was stopped by the Ohio State Patrol for speeding. Upon approaching the vehicle, the trooper noticed an odor of alcohol emanating from the vehicle and also spotted marijuana seeds and stems on the front floorboards. The trooper performed a field sobriety test on the driver and questioned her about what he believed were marijuana seeds in the car. The trooper then asked appellant to exit the vehicle and questioned her about the marijuana seeds. Appellant told the trooper that there may be one or two joints in the car.
 {¶ 3} After questioning the driver and appellant, the trooper performed a search of the vehicle. Upon searching the car, the trooper found a silver case or tin containing two items that appeared to be marijuana joints in appellant's purse. The two items in the tin tested positive as marijuana. Appellant admitted that the items found in her purse belonged to her.
 {¶ 4} Appellant was subsequently charged and convicted of one count of drug abuse in violation of R.C. 2925.11(A) and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C). The trial court sentenced appellant to a fine of $150 and a six-month license suspension on the drug paraphernalia charge and a $100 fine and six-month license suspension on the drug abuse charge.
 {¶ 5} Appellant timely appealed her conviction on the drug paraphernalia charge, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The defendant/appellant's conviction on the charge of drug paraphernalia prohibited in violation of R.C. 2925.14(C) was against the manifest weight of the evidence."
 {¶ 6} In her sole assignment of error, appellant argues that her conviction of possession of drug paraphernalia was against the manifest weight of the evidence. This Court disagrees.
 {¶ 7} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 8} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 9} Appellant was convicted of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), which provides: "No person shall knowingly use, or possess with purpose to use, drug paraphernalia." Drug paraphernalia is defined in R.C. 2925.14 as:
"(A) As used in this section, `drug paraphernalia' means any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter. `Drug paraphernalia' includes, but is not limited to, any of the following equipment, products, or materials that are used by the offender, intended by the offender for use, or designed by the offender for use, in any of the following manners:
"* * *
"(11) A container or device for storing or concealing a controlled substance[.]"
 {¶ 10} In the present case, the State argues that the rolling papers and tin containing the marijuana joints constituted drug paraphernalia under R.C. 2925.14(A). Appellant does not dispute that she was in possession of these items, but claims her conviction was against the weight of the evidence because there was no evidence linking the rolling papers to the smoking of marijuana. Assuming without deciding that appellant is correct in her argument, appellant admitted to possessing two marijuana joints that were contained in a metal tin with a marijuana plant stamped on it. As the tin here was used to store or contain marijuana joints, it meets the definition of drug paraphernalia under R.C. 2925.14(A). See, also, State v. Williams (Sept. 17, 1997), 9th Dist. No. 96CA006443 (Baggie containing crack cocaine was determined to be drug paraphernalia.).
 {¶ 11} After a thorough review of the record, this Court cannot conclude that the trial court clearly lost its way as to create a manifest miscarriage of justice which would require a reversal and a new trial. Appellant's sole assignment of error is overruled.
 III. {¶ 12} Having overruled appellant's assignment of error, the decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wooster Municipal Court County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Baird, P.J. and Whitmore, J., concur.